JOHN W. HORNOR *vs.* JOSEPHINE S. BARNARD.

Barnstable.   March 31, 1930. — April 2, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Land Court,* Appeal.

The record before this court upon an appeal by the respondent from a decree of the Land Court on a petition for registration of the title to land consisted only of the petition, the answer, a stipulation signed by the attorneys for the petitioner and for the respondents, the decree of registration and the appeal. The stipulation stated, in substance, that, so far as the parties had the right and power to agree, the respondent, as owner of property conveyed by a specified deed, and "as appurtenant to said estate, shall have a right of way to Parker's Pond on the North side of said Pond and in the road provided according to the agreements for rights of way contained" in a certain specified indenture. There was no copy of the indenture or the deed in the record. The decree stated that there was appurtenant to the land registered, "in common with land of" the respondent "and other lands, rights of way as set forth in" the instrument referred to in the stipulation as an indenture. *Held,* that no question of law was raised by the appeal.

PETITION, filed in the Land Court on January 21, 1929, for registration of the title to certain land in Barnstable.

A decree of registration was entered by order of *Davis*, J. The respondent appealed.

*P. M. Swift*, for the respondents, submitted a brief.

*F. D. Putnam*, for the petitioner.

Rugg, C.J.   This is a petition for the registration of land in the Land Court.   The record before us consists of the petition, the answer, a stipulation signed by the attorneys for the petitioner and for the respondents, the decree of registration and an appeal by one respondent.   The record discloses no findings of fact and no rulings of law.   The answer is a general denial of the petitioner's title and a claim of a right of way owned by the respondent Josephine S. Barnard over the premises described in the petition by virtue of a deed.   The stipulation states, in substance, that, so far as the parties have the right and power to agree, the respondent Josephine S. Barnard as owner of property conveyed by a specified deed, and "as appurtenant to said estate, shall have a right of way to Parker's Pond on the North side of said Pond and in the road provided according to the agreements for rights of way contained" in a certain specified indenture.   No copy of the deed or of the indenture is in the record.   The only reference to the indenture in the decree of registration is that there is appurtenant to the land registered "in common with land of Josephine S. Barnard and other lands, rights of way as set forth in" the instrument referred to in the stipulation as an indenture.

It is manifest that no question of law is raised by this appeal.   The decree of registration is within the scope of the petition.   The only point suggested in the brief for the respondents is that "the respondents are entitled to a right of way in accordance with the indenture as mentioned in the stipulation and a further right of way to Parker's Pond on the north side of said pond."   The record is barren of anything to indicate that the decision of the Land Court was not right.

*Decree of registration affirmed.*